UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAYLYN APPLEGATE, *et al.*, *on behalf of themselves and those similarly situated*, | )<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| vs. | )   1:22-cv-01097-JPH-MG<br>) |
| ST. VINCENT HEALTH, INC., *et al.*, | )<br>) |
| *Defendants*. | ) |

**ORDER**

Plaintiffs in this putative class action are current or former employees of healthcare facilities operated by Defendants. They allege that Defendants violated their rights under Title VII by denying their requests for a religious exemption to a COVID-19 vaccine requirement. Now pending before the Court and ripe for a decision is Defendants' Motion to Stay Discovery. [Filing No. 67; Filing No. 68]. Plaintiffs oppose the proposed stay, [Filing No. 74], and Defendants have replied to Plaintiffs' arguments, [Filing No. 77].

**I.**
**LEGAL STANDARD**

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). The party seeking a stay of discovery "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *United States ex rel. Robinson v. Indiana Univ. Health, Inc.*, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015). In order to satisfy this burden, the "movant must show that good cause exists for the stay" of discovery. *Id.* The Court evaluates three factors to determine if good cause exists: "[1] the prejudice or tactical disadvantage to the non-moving party; [2] whether or not the issues

will be simplified ...; and [3] whether or not a stay will reduce the burden of litigation on a party." *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015).

"Filing a motion to dismiss does not automatically stay discovery." *Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016 WL 1731328, at *2 (S.D. Ind. May 2, 2016). As a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Id.* at *3. And, "courts disfavor stays of discovery because they bring resolution of the dispute to a standstill." *Am. Senior Communities, LLC v. Burkhart*, 2019 WL 415614, at *2-3 (S.D. Ind. Feb. 1, 2019) (alternation and internal quotation marks omitted) (denying stay and noting that under Fed. R. Civ. P. 1, the Court has the duty to "secure the just, speedy, and inexpensive determination of every action and proceeding").

## II.
### DISCUSSION

Defendants ask the Court to stay discovery until the Court rules on its pending Motion to Dismiss Plaintiffs' Fourth Amended Complaint, which it filed on January 19, 2023. [Filing No. 68 at 1 (citing Filing No. 61).] Even though the Court approved a Case Management Plan back in August 2022, and the parties have been engaged in discovery for many months, Defendants argue that a stay of all discovery is nonetheless appropriate at this time because "Plaintiffs have indicated an intent to serve voluminous and extremely burdensome [additional] discovery…." [Filing No. 68 at 2.] Defendants say that Plaintiffs will not be prejudiced or disadvantaged by stay. [Filing No. 68 at 5.] They argue that "if granted, Defendants' Motion [to Dismiss] would dispose of most of the claims in this case, making discovery unnecessary," including class discovery. [Filing No. 68 at 4.] And, say Defendants, "even if the Motion [to Dismiss] is denied, the Court's ruling may shape discovery," providing efficiencies in this litigation. [Filing No. 68 at 4.] They point out that any delay from a stay would be limited to the time period it takes to the Court to rule on the Motion

to Dismiss. [Filing No. 68 at 5.]

Plaintiffs oppose Defendants' proposed stay. [Filing No. 74.] They reiterate that Defendants waited to file their request to stay discovery until more than five months after the Court entered the Case Management Plan and after the parties had served discovery on one another. [Filing No. 74 at 3.] They say any delay is inherently prejudicial to Plaintiffs' ability to ultimately prosecute their case because "delay increases the likelihood that important, discoverable documents are lost and that memories of witnesses fade." [Filing No. 74 at 4.] They also point out that some Plaintiffs have not been able to return to work following their terminations by Defendants. [Filing No. 74 at 4.] More generally, Plaintiffs say that Defendants have not carried their burden to justify a stay and point out that their Motion to Stay lacks any evidentiary support. [Filing No. 74 at 6.] And, they argue, discovery stays are typically only appropriate when a motion to dismiss is anchored in dispositive threshold issues such as standing, jurisdiction, or qualified immunity, none of which are at issue in Defendants' Motion to Dismiss. [Filing No. 74 at 7.] Furthermore, ruling on the pending Motion to Dismiss will not simplify the issues because it does not seek dismissal of all of Plaintiffs' claims. [Filing No. 74 at 8.] Plaintiffs also say that the burden of litigation will not be reduced because discovery has already begun, and if they are forced to cease discovery efforts underway only to restart them later, they will be prejudiced by those inefficiencies. [Filing No. 74 at 8-9.]

Defendants reply that even though discovery has been underway for some months, Plaintiffs are continuing to amend their complaint, so the parameters of the case still have not been set, and therefore, Plaintiffs will not be prejudiced. [Filing No. 77 at 1 (citing Filing No. 73, Pls.' 5th Mtn. Leave Am. Compl.).] In terms of timing, Defendants argue that counsel agreed amongst themselves to defer significant discovery efforts until after a December 2022 private mediation.

[Filing No. 77 at 3-4.] They say that from a timing perspective, "this case is not far along, the pleadings have not even been finalized, and only preliminary discovery requests have been served." [Filing No. 77 at 5.] Defendants also argue that their Motion to Dismiss is "jurisdictional" because Plaintiffs cannot save their claims by amendment in response to Defendants' Motion to Dismiss arguments. [Filing No. 77 at 6.] With regard to reducing the burden of litigation, Defendants cite the parties' ESI Supplement, [Filing No. 66], in which Defendants estimate document production costs exceeding $200,000, and further contend that Plaintiffs will seek the disclosure of what Defendants describe as private religious and medical information. [Filing No. 77 at 8-10.]

      The Court reiterates that, in general, a stay of discovery is inappropriate simply because a motion to dismiss premised on Fed. R. Civ. P. 12(b)(6) is pending. *See Red Barn Motors*, 2016 WL 1731328, at *3. On the issue of prejudice to Plaintiffs, the overriding issue here is that Defendants waited to seek a stay until long after the parties developed (and the Court adopted) a Case Management Plan for the case. Plaintiffs are prejudiced by developing a schedule working under the belief that they would be receiving discovery from Defendants from the Case Management Plan's implementation. *See Richardson v. Rasulov*, 2020 WL 12654652 (S.D. Ind. Oct. 22, 2020) ("The case is too far along for [a stay of discovery]. The court will not put the brakes on discovery now.") While the parties may have agreed amongst themselves to limit efforts prior to the December 2022 mediation, such an agreement does not provide a basis for staying all discovery at this juncture. Furthermore, because the litigation concerns Plaintiffs' employment and the circumstances under which they were terminated or suspended and because they seek injunctive relief, they have a heightened interest in bringing this case to prompt resolution, at least more so than the average litigant. Thus, the first factor—prejudice to non-moving party—weighs

slightly in favor of denying the stay.

As to the second factor—simplification of issues—a ruling on the pending Motion to Dismiss may well simplify issues if Defendants prevail on some or all of their arguments. But the issues raised in Defendants' Motion to Dismiss are not "threshold issues" like subject-matter jurisdiction, personal jurisdiction, standing, or qualified immunity that more typically warrant a stay of discovery. *See Hill-Rom Servs., Inc. v. Tellisense Med., LLC*, 2019 WL 10888458, at *2 (S.D. Ind. May 10, 2019). Furthermore, there are no pending "outside proceedings that have some bearing on the matter sought to be stayed." *Estimating Grp. LLC v. Rickey Conradt, Inc.*, 2019 WL 2869686, at *2 (S.D. Ind. July 3, 2019). Therefore, the second factor also weighs in favor of denying the stay.

On the third and final factor—whether the stay will reduce the burden of litigation—while the Court is "sympathetic to concerns related to the time and expense associated with responding to discovery requests, especially in nationwide class action suits …, a blanket stay of discovery is not an appropriate way to address those concerns." *Witz v. Great Lakes Educ. Loan Servs., Inc.*, 2020 WL 8254382, at *2 (N.D. Ill. July 30, 2020). If Defendants believe that particular requests from Plaintiffs are overly burdensome and disproportional to the needs of this case, they can seek relief from the Court. The denial of a blanket stay does not mean that proportional discovery at this stage is without boundaries.

As all three factors weigh in favor of denying Defendants' request to stay discovery in its entirety, the Court denies Defendants' request.

## III.
### CONCLUSION

For the reasons stated above, Defendants' Motion to Stay Discovery, [67], is **DENIED**.

Date: 3/22/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**<u>Distribution via ECF to all counsel of record.</u>**