UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL HALCZENKO DR., *et al.*, *on behalf of themselves and those similarly situated* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 1:21-cv-02816-JPH-MG |
| ASCENSION HEALTH, INC., *et al.*, | ) ) | |
| Defendants. | ) | |
| KAYLYN APPLEGATE, *et al.*, *on behalf of themselves and those similarly situated* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 1:22-cv-01097-JPH-MG |
| ST. VINCENT HEALTH, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiffs' Motion to Consolidate, [Filing No. 93]. For the following reasons, the motion is **GRANTED**.

**I.**
**BACKGROUND**

On November 8, 2021, Plaintiffs in *Halczenko et al. v. Ascension Health, Inc., et al.* ("*Halczenko*") filed the instant case pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"), alleging patterns of religious discrimination by Defendants. These Plaintiffs allege that they were discriminated against after requesting religious accommodations from Defendants' mandate that its employees and the employees of Defendants' affiliates receive the COVID-19 vaccine. [Filing No. 71 at 78-83.]

Further, Plaintiffs allege that Defendants suspended and/or terminated Plaintiffs and other similarly situated employees that it regarded as disabled after failing to provide these individuals a reasonable accommodation regarding the COVID-19 pandemic and their status as unvaccinated individuals. [Filing No. 71 at 83-92.] The Plaintiffs who had written employment agreements further argue breach of written employment agreement claims alleging their agreements only authorized "for cause" termination for "refusal to comply with any written Policy(ies) of "Employer", which they argue was defined as St. Vincent Health, not a policy of Ascension. [Filing No. 71 at 92-98.]¹

A similar lawsuit, Case No. 1:22-cv-1097, *Applegate et al. v. St. Vincent Health, Inc. et al.* (" *Applegate"*), was filed in this district on May 27, 2022, where a different set of employees filed a new action asserting the same Title VII and breach of contract claims as those asserted by the Plaintiffs in this case against the same Defendants. [*See* 1:22-cv-1097 at Filing No. 28; Filing No. 54.]

On February 3, 2023, *Halczenko* Plaintiffs filed the instant motion requesting that this matter be consolidated with *Applegate*, for all purposes. [Filing No. 93.] On February 17, 2023, Defendants filed an opposition, [Filing No. 97], and on February 24, 2023, Plaintiffs replied, [Filing No. 103].

## II.
### DISCUSSION

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at

---

¹ Plaintiffs note that the interference with contractual relations claims have been removed from the latest versions of the *Halczenko* and *Applegate* proposed Amended Complaints filed on February 23, 2023, which have recently been ruled upon by the Court.

issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Consolidation is permitted as a matter of convenience and economy for both parties and the Court. Hall v. Hall, 138 S. Ct. 1118, 1126 (2018). "By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." Blair v. Equifax Check Servs., Inc., 181 F.3d 832, 839 (7th Cir. 1999).

In the instant motion, Plaintiffs request that this case be consolidated with *Applegate* for all purposes because each action presents identical legal claims, arises from the same operative facts, is brought against the same Defendants represented by overlapping counsel, was filed by the same Plaintiffs' counsel, and is pending before District Judge James P. Hanlon and the undersigned Magistrate Judge. Plaintiffs further argue that consolidation would allow the Court to resolve the questions presented across the two cases in a single action, which would avoid the risk of disparate results when each case goes to trial.

In support of their argument against consolidation, Defendants argue there are no common questions of law or fact, and consolidation is premature pending the Court's decision on Defendants Motion to Dismiss in *Applegate*. [Filing No. 97.] Specifically, Defendants argue that the listed "shared" operative facts are the only similarities, noting the following differences: (1) there are 22 additional defendants in the *Applegate* case and none of the Plaintiffs are the same; (2) all Plaintiffs in the *Halczenko* case are or were employed by St. Vincent Hospital and Health Care Center Inc., where the *Applegate* Plaintiffs claim they are or were employed by 22 different entities; and (3) the *Applegate* Plaintiffs do not claim to have been suspended where the *Halczenko* Plaintiffs claim to have been suspended. [Filing No. 97 at 2.]

First, despite their assertion that the motion to consolidate is premature given the pending motion to dismiss in *Applegate*, the Court must still independently address *Halczenko*

notwithstanding the ruling on the motion to dismiss. *See Hall*, S. Ct. at 1128 (emphasizing "that constituent cases should end in separate decrees or judgments"). Regardless, this Court has since granted *Applegate* Plaintiffs' Motion for Leave to File a Fifth Amended Complaint and deemed *Applegate* Defendants' Motion to Dismiss moot.

Defendants next argue that consolidation would not be efficient due to the additional 22 Plaintiffs from *Applegate*, who are or were employed by 22 different entities. [Filing No. 97 at 2-6.] In reply, Plaintiffs argue that comparing the number of Plaintiffs and Defendants in each case is not the proper analysis, and instead, the Court should focus on the issue of whether there are common factual and legal allegations underlying both cases. [Filing No. 103 at 7-9.]

Regarding the number of parties in either case, the Court agrees with Plaintiffs. The focus of consolidation is whether there are similarities in legal claims, not the number of Plaintiffs or Defendants in any one case. The issue of consolidation has been one from the outset of these cases, with Plaintiffs' counsel stating their intent to file such a motion in both cases and status conferences have regularly addressed matters in both cases. Further, the parties agreed on case management deadlines where Plaintiff was provided a deadline to amend/join parties and Defendants would have a certain timeframe to answer such motions to amend the complaints. [Filing No. 82.]

On their issue of competing legal theories, Defendants argue that the *Halczenko* Plaintiffs bring claims arising out of suspension, where not all *Applegate* Plaintiffs have been suspended, and such differences in claims would not promote efficiency. [Filing No. 97 at 2.] Furthermore, Defendants contend that each Plaintiff must prove unique facts to support their Title VII and breach of contract claims, which requires individualized inquiries, and such an individualized nature

would make them inappropriate for consolidation and inappropriate for class certification.² [Filing No. 97 at 2-5.] Plaintiffs argue that even if Defendants are correct that each Plaintiffs' Title VII religious beliefs need to be re-examined, adding the eight *Halczenko* Plaintiffs to the already more than 70 *Applegate* Plaintiffs would not substantially increase the burden on the Court. [Filing No. 103 at 9.] Further, Plaintiffs contend that any burden by adding the eight *Halczenko* Plaintiffs claiming retaliation claims to the *Applegate* case would be offset by the value added from having only a single case. [Filing No. 103 at 10.] Plaintiffs then argue that the breach of contract claims in each case are minimal and would not substantially burden the court if consolidated. [Filing No. 103 at 10.] Lastly, Plaintiffs contend Defendants overlooked the Court's authority to order separate trials, if necessary, under Fed. R. Civ. P. 42(b), regardless of whether consolidation is granted.

Defendants have not shown that they would be prejudiced by consolidation. As Plaintiffs point out, the factual and legal allegations underlying both cases are largely the same. Consolidating the two cases clearly furthers judicial economy. Absent consolidation, there would be separate trials involving identical legal claims and substantially overlapping evidence, which would waste judicial time and resources for claims that could be more efficiently adjudicated in one trial. Further, as both cases are proceeding before the same District Court Judge and the Undersigned Magistrate Judge, consolidation negates the need for potentially redundant motions practice and rulings. See *Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 645 (E.D. Wis. 1998) ("[W]hen both cases are pending in the same district—let alone with the same judge—consolidation is preferable."). Finally, and without commenting on the ultimate merits of Plaintiffs' arguments—or the Defendants' responses—the Court notes again that consolidation does not

---

² The Court will not address the merits of either cases' advancement of a class action, such a discussion is warranted in a separate motion for class certification and subsequent order.

"deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." *Hall,* 138 S. Ct. at 1130. Moreover, the cases are in similar stages of litigation, with *Applegate*'s discovery closing June 30, 2023, and *Halczenko*'s September 15, 2023, and no trial date has been set in either case. Should a need arise to sever certain parties or issues at a later stage of the litigation, Fed. R. Civ. P. 42(b) provides an appropriate remedy. On the current record, the Court finds the two actions are appropriate for consolidation.

### III.
#### CONCLUSION

Further, Plaintiffs' Motion to Consolidate this case and 1:22-cv-1097, [93], is **GRANTED.** Accordingly, the Court consolidates the cases as follows:

- The action pending as Case No. 1:22-cv-1097 is **CONSOLIDATED** with the action pending as Case No. 1:21-cv-2816. All further proceedings in these consolidated matters will occur in Case No. 1:21-cv-2816.

- To eliminate the confusion of having two operative complaints, Plaintiffs are **ORDERED** to file a Consolidated Class Action Complaint in *Halczenko* within **fifteen (15) days** of this Order.

- The Clerk is **DIRECTED** to close Case No. 1:22-cv-1097. No final judgment will issue in that case.

- The Clerk is **DIRECTED** to docket a copy of this Order in Case No. 1:22-cv-1097.

Date: 5/19/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**