UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAYLYN APPLEGATE, *et al.*, *on behalf of themselves and those similarly situated,*<br><br>*Plaintiffs,*<br><br>vs.<br><br>ST. VINCENT HEALTH, INC., *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)  1:22-cv-01097-JPH-MG<br>)<br>)<br>)<br>)<br>) |

# ORDER

Plaintiffs in this putative class action are current or former employees of healthcare facilities operated by Defendants. They allege that Defendants violated their rights under Title VII by denying their requests for a religious exemption to a COVID-19 vaccine requirement. Plaintiffs have previously amended their putative class action complaint several times, adding individual plaintiffs and defendants as notice of right-to-sue letters continue to trickle in from the EEOC. [*See* Filing No. 28; Filing No. 54.] Now pending before the Court and ripe for a decision is Plaintiffs' Motion for Leave to File Fifth Amended Class Action Complaint (the "Motion"). [Filing No. 82.] Defendants oppose the Motion, [Filing No. 82], and Plaintiffs have replied to those arguments, [Filing No. 99].

## I.
## LEGAL STANDARD

Courts should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2),[1] but leave to amend is not granted automatically. *Airborne Beepers & Video, Inc. v.*

---

[1] Plaintiffs moved to amend prior to the deadline for doing so set by the Court in the operative Case Management Plan. [Filing No. 43.]

*AT&T Mobility LLC,* 499 F.3d 663, 666 (7th Cir. 2007). "District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008).

## II.
### DISCUSSION

Plaintiffs' propose amending their complaint to: (1) add four new individual plaintiffs—Rebecca Broussard, Stanley Lundrigan, Sebastian Strizu, and Christine Tacorda—alleging violations of Title VII *and* the Americans with Disabilities Act (the "ADA"); (2) add one new individual plaintiff—Krystal Douglas—alleging a violation of Title VII only; and (3) add two new defendants—Ascension Seton Highland Lakes ("Highland Lakes") and Ascension Seton Williamson ("Williamson") (*i.e.*, the employers of some of the new proposed plaintiffs)—both of which are Texas corporations.[2] Of note, the ADA claims proposed on behalf of Ms. Broussard, Mr. Lundrigan, Mr. Strizu, and Ms. Tacorda are the first time claims under the ADA have been raised in this lawsuit.

Defendants oppose these amendments. First, they argue that Defendants will suffer undue prejudice from the proposed amendment because of the delay in adding the new plaintiffs and claims which will "inject[] new issues and chang[e] the scope of discovery." [Filing No. 85 at 4-5.] Second, Plaintiffs say the proposed amendments are futile for numerous reasons: (a) the Court lacks personal jurisdiction over the two new proposed defendants; (b) the proposed ADA claims are untimely and unexhausted; (c) the ADA claims fail as a matter of law as pled in the proposed complaint; (d) the ADA claims are incapable of class treatment; and (e) the proposed new

---

[2] Plaintiffs also wish to dismiss one of the individual Plaintiffs (Jodi Wolfenbarger) from the lawsuit, which can be accomplished without amendment. [Filing No. 82 at 3.]

complaint fails to cure the defects identified by Defendants in their pending Motion to Dismiss Plaintiffs' Fourth Amended Complaint. [Filing No. 61.] Defendants' arguments are addressed below.

### A. Futility

"Usually, a defendant asserts futility when the original complaint fails to state a claim and the question is whether a proposed amended complaint might cure the original's defects." *Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775, 793-94 (N.D. Ill. 2021) (citing *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015)). Futility tests the proposed amendments under "the legal sufficiency standard of Rule 12(b)(6)." *Runnion*, 786 F.3d at 524. *See also Townsel v. DISH Network L.L.C.*, 668 F.3d 967, 969 (7th Cir. 2012) ("The judge deemed the proposed amendment futile, which is functionally the same as allowing amendment and then dismissing under [Rule] 12(b)(6).").

### 1. The Proposed ADA Claims

Count IV of Plaintiffs' proposed amended complaint includes a claim under the ADA on behalf of proposed new plaintiffs Rebecca Broussard, Stanley Lundrigan, Christine Tacorda, and Sebastian Strizu (the "ADA Plaintiffs") and a class of those similarly situated. [Filing No. 82-1 at 231.] The ADA Plaintiffs allege that Defendants "regarded [them] as being disabled because of their COVID-19 vaccination status" and "on that basis, Defendants suspended, constructively discharged, and/or terminated [the ADA] Plaintiffs' employment." [Filing No. 82-1 at 231.] More specifically, Plaintiffs allege that Defendants regarded them as disabled "because as unvaccinated individuals[, Defendants] believed they were more transmissible of the Covid-19 virus (and its variants) than those who were vaccinated…." [Filing No. 82-1 at 206.] Defendants assert that the ADA claims are futile for a number of reasons.

### *a. Legal Sufficiency*

Defendants contend that the ADA Plaintiffs fail to state a plausible ADA claim because the ADA Plaintiffs' unvaccinated status or perceived susceptibility to COVID-19 is not a disability under the ADA. [Filing No. 85 at 10.] In support of this contention, Defendants cite numerous cases addressing vaccination status from across the country. [Filing No. 85 at 10-12.]

In response, the ADA Plaintiffs try to thinly slice their allegations, arguing that they were discriminated against not because they are unvaccinated but rather "because they are perceived to have a physical impairment, *i.e.*, non-vaccination and accompanying increased contagiousness, that Defendants believe … renders [the ADA] Plaintiffs subject to infecting others at a rate faster than other employees." [Filing No. 99 at 12.] This finer interpretation of their allegations, say Plaintiffs, renders all the cases cited by Defendants inapposite. [Filing No. 99 at 12.] The ADA Plaintiffs further argue that the 2008 amendments to the ADA provide broader protections such that any perception by an employer of an impairment is actionable. [Filing No. 99 at 13-14.]

A person is "regarded as" disabled if he establishes that he "has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). "[I]mpairments that are transitory and minor" are not eligible to be a qualifying "regarded as" impairment. *Id.* at § 12102(3)(B). Furthermore, the ADA only covers *present* impairment such that a plaintiff must allege that the defendant employer believed the plaintiff had an impairment at the time of the adverse action. *See Shell v. Burlington N. Santa Fe Ry. Co.*, 941 F.3d 331, 335-37 (7th Cir. 2019). In other words, a regarded-as claim is legally deficient if it is premised on a contention that the plaintiff might some day in the future become disabled. *See id.* (holding that the ADA's "regarded as prong does not "cover[] a situation where an employer views

4

an applicant as at risk for developing a qualified impairment in the future").

Plaintiffs' chief problem with their proposed ADA claim is that their vaccination status is not itself a disability or impairment, nor do Plaintiffs cite legal support for such a contention. Rather, "[t]he decision to vaccinate or not to vaccinate is a personal choice, while a disability under the ADA is not something a person chooses." *Johnson v. Mount Sinai Hosp. Grp., Inc.*, 2023 WL 2163774, at *6 (E.D.N.Y. Feb. 22, 2023) (citing *Speaks v. Health Sys. Mgmt., Inc.*, 2022 WL 3448649, at *5 (W.D.N.C. Aug. 17, 2022)). *See also Jorgenson v. Conduent Transp. Sols., Inc.*, 2023 WL 1472022, at *4 (D. Md. Feb. 2, 2023) ("[V]accination status is likewise not an impairment or an impediment to work-related tasks.") As one court considering a plaintiff's unvaccinated status explained, "[t]he [c]ompany only regarded [plaintiff] as being required—like all of its employees—to obtain a COVID-19 vaccine or be approved for an exemption and then 'regarded' her as having failed to do so by the deadline to become vaccinated." *Id.* at *5. *See also Shklyar v. Carboline Co.*, 616 F. Supp. 3d 920, 926 (E.D. Mo. 2022) (holding that unvaccinated plaintiff did not plausibly allege an ADA "regarded as" claim because to "infer that [the employer] regarded [plaintiff] as having a disability would require inferring that [the employer] regarded all of its [employees] as having a disability"). Thus, Plaintiffs' unvaccinated status cannot plausibly support a claim that Defendants regarded them as disabled under the ADA.

Plaintiffs' efforts to characterize their unvaccinated status as a perceived contagiousness by Defendants is a distinction without a deference as unvaccinated status is a proxy for contagiousness. To the extent that the ADA Plaintiffs are contending that Defendants regarded them as *having* COVID-19, that theory also fails because individuals are not disabled when conditions are transitory and expected to last less than 6 months in duration. *See* 29 U.S.C. § 12102(3)(B). *See also Lundstrom v. Contra Costa Health Services*, 2022 WL 17330842 at *5

5

(N.D. Cal. Nov. 29, 2022) ("Federal courts generally agree that a COVID-19 infection is not a disability.") (collecting cases); *Thompson v. City of Tualatin*, 2022 WL 742682, at *2 (D. Or. Mar. 11, 2022) ("[B]eing perceived as having COVID-19 is not a cognizable disability under the ADA."). Likewise, Plaintiffs are foreclosed from an argument that Defendants perceived them as *potentially* infectious because the ADA's definition of disability does not cover cases where an employer perceives a person to be presently healthy with a potential to become disabled in the future. See *Shell*, 941 F.3d at 335.

### b. Timeliness

Even if Plaintiffs had pled a legally cognizable ADA theory, Defendants say that the new such claims are futile because they are untimely. Defendants say that the ADA Plaintiffs "appear to have filed amendments [to their earlier-filed EEOC charges of Title VII discrimination] adding the 'regarded as disabled' ADA discrimination claims in late January 2023 … and then immediately requested right to sue letters preventing any investigation or conciliation of the claims at the EEOC." [Filing No. 85 at 8-9.] They say these amendments purporting to add ADA claims were made more than 300 days after the alleged conduct giving rise to the claims, and further that the ADA claims cannot relate back to the ADA Plaintiffs' original Title VII religious discrimination charge with the EEOC because the ADA claim presents an entirely new theory of recovery. [Filing No. 85 at 9.]

The ADA Plaintiffs do not dispute that their ADA charges—filed in January 2023—are beyond the 300-day limit. But, they argue, their claims are timely because their January 2023 ADA charges relate back to their timely Title VII charges alleging religious discrimination. Plaintiffs respond by citing case law standing for the proposition that EEOC charges should be read broadly. [Filing No. 99 at 15.] They also distinguish case law cited by Defendants by

6

asserting that new theories of recovery can relate back, so long as the new theories rely on the same factual allegations underpining the original Title VII charge.  [Filing No. 99 at 16-17.]

"A plaintiff must file a charge with the EEOC within 180 days of the complained of employment action in states that have no equal employment opportunity agency, but in deferral states like Indiana, '[i]f a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days.'"  *Kennedy v. Reid Hosp. & Health Care Servs., Inc.*, 279 F. Supp. 3d 819, 832 (S.D. Ind. 2017) (quoting *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 110 (1988)).  See also 42 U.S.C. § 2000e–5(e).  These same standards apply to ADA claims.  See 42 U.S.C. § 12117(a).

"EEOC regulations state that an amendment can relate back to the date of an earlier charge if it 'cures technical defects or omissions' or 'alleg[es] additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge.'"  *Schroeder v. Bd. of Educ. for Cmty. Consol. Sch. Dist. # 21*, 2022 WL 3999778, at *6 (N.D. Ill. Sept. 1, 2022) (quoting 29 C.F.R. § 1601.12(b)) (finding that plaintiff's ADA charge did not relate back to the original Title VII charge).  In contrast, "an untimely amendment that alleges an entirely new theory of recovery does not relate back to a timely filed original charge."  *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 575 (7th Cir. 1998) (holding that ADA charge did not relate back to ADEA charge).  See also *Brown v. Chicago Transit Auth. Pension Bd.*, 86 F. App'x 196, 198 (7th Cir. 2004) ("[Plaintiff's] retaliation claim under Title VII cannot 'relate back' to earlier sex discrimination and harassment charges that she filed because it alleges an entirely new theory of recovery.").

Here, the new ADA claims do not cure any defects or grow out of the ADA Plaintiffs'

7

original claims of religious discrimination. Rather, the ADA claims present a "an entirely new theory recovery." See *Fairchild*, 147 F.3d at 575. Thus, the proposed ADA claims do not relate back to Plaintiffs' timely Title VII charges such that they are untimely and permitting Plaintiffs an amendment to add these claims is an exercise in futility.

***

For all of the above reasons, the Court will DENY Plaintiffs leave to assert ADA claims on behalf of four new plaintiffs or on behalf of a class. Having found that the proposed ADA claims are futile, the Court now focuses Defendants' remaining arguments on the new Title VII claims proposed by Plaintiffs.[3]

### 2. Personal Jurisdiction Over Highland Lakes and Williamson

Defendants argue that Plaintiffs' proposed amendment asserting Title VII claims is futile because the Court lacks jurisdiction over the two proposed new defendants—Highland Lakes and Williamson—both entities that are incorporated and operate in the State of Texas. [Filing No. 85 at 6.] Defendants describe this issue as a "threshold" matter and says that Plaintiffs' proposed complaint does not "plead *any* contacts that … Highland Lakes or … Williamson had with Indiana (because there are none), let alone sufficient minimum contacts to satisfy due process." [Filing No. 85 at 6.]

Plaintiffs respond that under Seventh Circuit case law, "a complaint need not include facts alleging personal jurisdiction." [Filing No. 99 at 19 (quoting *Steel Warehouse of Wis. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998)).] Further, argue Plaintiffs, a question of personal jurisdiction and sufficient contacts with a forum is not a proper basis to find an amendment "futile" under Fed.

---

[3] To the extent Defendants are arguing that the new proposed Plaintiffs' Title VII claims are futile (by merely referring the Court to its Motion to Dismiss the Fourth Amended Complaint), the Court rejects such an argument.

R. Civ. P. 15(a)(2); rather, "the proper means of raising such a challenge is through submission of a motion attaching factual materials that establish the accuracy of Defendants' unverified jurisdictional claims." [Filing No. 19-20.] In any event, say Plaintiffs, even if the Court were to entertain personal jurisdiction arguments at this stage, "Defendants do not suggest that they contest personal jurisdiction as to [Defendants Ascension Health, Inc. ("AH") and Ascension Health Alliance, Inc. ("AHA"),t]herefore, claims against AH and AHA would still go forward." [Filing No. 99 at 20.]

This Court agrees that a potential lack of personal jurisdiction is not a reason to deny Plaintiffs leave to amend under Fed. R. Civ. P. 15(a)(2). While it may be the case that Highland Lakes and Williamson may not survive a Fed. R. Civ. P. 12(b)(2) motion, no such motion, which is often fact-intensive and not yet developed, is before the Court. *See Dordieski v. Austrian Airlines, AG*, 2015 WL 6473661, at *2 (N.D. Ind. Oct. 27, 2015). *See also Lukis*, 535 F. Supp. 3d at 793-94 (citing cases for the proposition that it is inappropriate for a court to consider facts beyond the complaint when assessing futility); *Emmis Publ'g, LP v. Hour Media Grp. LLC*, 2018 WL 3127172, *4 (S.D. Ind. Apr. 17, 2018) ("[T]he court is authorized to go outside the pleadings in deciding a 12(b)(2) motion."); *Nocheck Grp., LLC v. SK2 Capital, LLC*, 2021 WL 8442018 (E.D. Mich. Oct. 27, 2021) ("Whether [the amended complaint] will withstand a motion under Rule 12(b)(2), possibly with discovery and/or an evidentiary hearing on factual issues related to personal jurisdiction, remains to be seen and is for another day."). Furthermore, personal jurisdiction is waivable under Fed. R. Civ. P. 12(h)(1), such that Highland Lakes and Williamson may decides for themselves whether or not to challenge personal jurisdiction.

Therefore, the Court finds that the potential lack of personal jurisdiction over Highland Lakes and Williamson does not render Plaintiffs' proposed addition of these two parties as

defendants "futile" under Fed. R. Civ. P. 15(a)(2).

### B.  Undue Prejudice Posed by the Title VII Claims

Defendants contend that, setting aside their futility arguments, the Court should nevertheless deny Plaintiffs leave to amend because permitting Plaintiffs to amend "would unnecessarily delay the case and prejudice Defendants." [Filing No. 85 at 4.]  They argue that the latest Motion for Leave to Amend comes nine months after this case was filed.  [Filing No. 85 at 5.]  Defendants focus on the ADA claims but do not squarely address how adding the new Title VII claims would cause undue prejudice.

In response, Plaintiffs note that they filed their Motion for Leave prior to the deadline for seeking leave to amend set in the Case Management Plan.  [*See* Filing No. 43.]  They explain the additions are simply the result of the proposed new Plaintiffs receiving right to sue letters from the EEOC.  [Filing No. 99 at 2-3.]

The Court agrees that Defendants have not articulated how adding the Title VII religious claims on behalf of five additional plaintiffs will cause undue prejudice under Fed. R. Civ. P. 15(a)(2), which otherwise generally favors permitting amendment.  *See Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022).  The discovery will likely overlap extensively with the discovery already underway.  *See id.* ("An amended pleading is less likely to cause prejudice if it … asserts claims related to allegations asserted in prior pleadings.").  Furthermore, the Court detects no dilatory motive or *undue* delay on the part of the new Plaintiffs.  They were waiting to complete the EEOC administrative process.  Denying leave means that these new Plaintiffs would file a separate lawsuit raising the same claims already being litigated in this case, minimizing

judicial efficiencies.[4]

Therefore, the Court will GRANT Plaintiffs leave to assert Title VII claims on behalf of the five newly proposed Plaintiffs.

### III.
#### CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to File Fifth Amended Class Action Complaint [82], **GRANTED IN PART and DENIED IN PART** as follows:

- Plaintiffs' Motion is **GRANTED** to the extent that they may amend their Complaint to add Title VII claims on behalf of Rebecca Broussard, Stanley Lundrigan, Sebastian Strizu, Christine Tacorda, and Krystal Douglas.

- Plaintiffs' Motion is **DENIED** as to their proposed ADA claims (Count IV).

Date: 5/23/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**

---

[4] That said, the Court also needs to ensure prompt and just resolution of cases before it.  See Fed. R. Civ. P. 1.  The Court is unlikely to permit the addition of new plaintiffs in the future.